[Cite as *Beaumont v. Symantec Corp.*, 2019-Ohio-1418.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| JANET BEAUMONT, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-G-0172** |
| SYMANTEC CORPORATION, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2018 CVH 0319.

Judgment: Appeal dismissed.

*Robert J. Willis,* Petronzio Schneier Co., L.P.A., 5001 Mayfield Road, Suite 201, Lyndhurst, OH 44124 (For Plaintiff-Appellant).

*Terry M. Brennan* and *Daniel Michael Kavouras,* Baker & Hostetler, LLP, 127 Public Square, Suite 2000, Cleveland, OH 44114 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Janet Beaumont, challenges the August 16, 2018 denial of her motion to strike defendant's "motion to dismiss or stay pending arbitration" and her motion for reconsideration, both filed on August 1, 2018. Accordingly, the appeal is dismissed.

{¶2} On April 27, 2018, Ms. Beaumont filed her initial complaint against appellee, Symantec, alleging it violated R.C. 2307.64 and R.C. 1345.01, et seq., by sending her numerous email advertisements after she had unsubscribed from receiving future emails. On June 8, 2018, Symantec filed a certification of leave to plead; the court granted

Symantec until July 6, 2018 to respond to Ms. Beaumont's complaint. On July 6, 2018, Symantec filed a stipulation for leave to plead which the court denied July 13, 2018, because Ms. Beaumont had not signed the stipulation.

{¶3} On July 20, 2018, Symantec filed a "motion to dismiss or stay pending arbitration." Despite its prior denial of the stipulated leave to plead, the court granted the motion on July 26, 2018. On August 1, 2018, Ms. Beaumont filed a motion to strike and a motion for reconsideration. The Chardon Municipal Court denied both motions on August 16, 2018. On August 21, 2018, a notice to Ms. Beaumont to move for default or the case would be dismissed was issued. No default or dismissal is shown on the record and the following day Ms. Beaumont filed the instant appeal assigning four errors for our review all pertaining to the "motion to dismiss or stay pending arbitration."

{¶4} Upon review of the record, however, we noted the trial court granted Symantec's "motion to dismiss or stay pending arbitration" without ruling whether the case is dismissed or stayed. Further, it also states the Affidavit of Amy Chang was not notarized and ordered that a notarized affidavit be filed within 14 days or "this Order will be vacated." While the record does not reflect a notarized affidavit was filed, there was no entry vacating the Order. On March 19, 2019, this court temporarily remanded the case to the municipal court for clarification.

{¶5} The court responded with an order dated March 5, 2019, clarifying it had intended to grant Symantec's motion to stay pending arbitration. The court also found Symantec had failed to file the notarized affidavit as ordered and vacated its July 26, 2018 judgment.

On April 1, 2019, the parties filed a Joint Motion for an Order Granting Leave Under Ohio Civil Rule 60(A) to Trial Court to Enter a *Nunc Pro Tunc* Order Correcting its March 25, 2019 Order wherein the parties both stipulate the notarized affidavit was filed on July 20, 2018 and request the trial court correct its March 25, 2019 Order vacating its July 26, 2018 Order. The parties stipulated Symantec did file a notarized affidavit attached its original motion to dismiss or stay on July 20, 2018. On April 2, 2019, this court again remanded the case to the trial court to determine if the parties complied with the July 26, 2018 Order such that the March 25, 2019 Order vacating the July 26, 2018 Order is not merited.

{¶6} The trial court responded on April 3, 2019, explaining it did not acknowledge the affidavit filed on July 20, 2018 to be a properly notarized affidavit because affiant's signature stands alone and is not notarized, the preceding page is approximately 2/3 blank, and the next page is a California form that contains a notary signature but not the signature of the affiant. Finding the affidavit was not legally notarized, and that Symantec did not file a properly notarized affidavit within the additional time granted, the court upheld its March 25, 2019 vacation.

{¶7} As all of Ms. Beaumont's assignments of error on appeal stem from the now-vacated judgment, her appeal is moot and hereby dismissed.

TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.

3